

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-10-269-CV

ELIZABETH A. FLACK-BATIE,                                    APPELLANTS
LISA A. BATIE, AND
ELIZABETH A. BATIE-CHUKES

V.

JOHN H. BATIE & JHB CONSULTING,                              APPELLEES
JOHN J. BATIE, ERIC C. BATIE &
SOUND FACTORY SYSTEMS LLC,
AND U-HAUL CO. OF FORT WORTH

------------

FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellants Elizabeth A. Flack-Batie, Lisa A. Batie, and Elizabeth A. Batie-Chukes appeal from the trial court's dismissal of their case below for want of prosecution. The trial court's dismissal order was signed May 7, 2010. Appellants'

---

[1]*See* Tex. R. App. P. 47.4.

motion to reinstate was filed June 10, 2010, more than thirty days after the trial court's dismissal order.[2]  The notice of appeal was not filed until August 3, 2010.[3]

On August 4, 2010, because it appeared that the postjudgment motion to reinstate filed June 10, 2010, three days after its June 7, 2010 due date, was untimely,[4] and that therefore the notice of appeal was untimely,[5] depriving this court of jurisdiction,[6] we notified Appellants of our concern and requested that they advise us whether they had mailed the postjudgment motion to reinstate on or before its due date.  The photocopies of certified mail receipts Appellants provided show that their motion to reinstate was not mailed until June 8, 2010, one day late.

Accordingly, because their motion to reinstate was late, it did not extend Appellants' deadline for filing the notice of appeal.[7]  The notice of appeal remained

---

...

[2] *See* Tex. R. Civ. P. 165a(3) (providing that motion to reinstate is due within thirty days after order of dismissal is signed).

[3] ... *See* Tex. R. App. P. 26.1(a)(3) (providing that notice of appeal is generally due within thirty days after judgment is signed but that a timely filed motion to reinstate extends the filing deadline to within ninety days after the judgment is signed).

[4] ... *See* Tex. R. Civ. P. 165a(3).

[5] ... *See* Tex. R. App. P. 26.1(a)(3).

[6] ... *See* Tex. R. App. P. 25.1, 26.1 (providing, together, that appellate court has jurisdiction over timely filed notice of appeal).

[7] ... *See* Tex. R. App. P. 26.1(a)(3).

due June 7, 2010,[8] but it was not filed until August 3, 2010. Because the notice of appeal was untimely,[9] we deny all pending requests for relief, and we dismiss this appeal for want of jurisdiction.[10]

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: September 30, 2010

---

[8] ... *See* Tex. R. App. P. 26.1.

...

[9] *See id.*

[10] ... *See* Tex. R. App. P. 42.3(a), 43.2(f).

3